IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES E. SMITH, )
)
    Plaintiff, )
)
v. ) CV 97-B-1256-S
)
GOLDEN FLAKE SNACK FOODS, INC., )
)
    Defendant. )

### MEMORANDUM OPINION

    Charles E. Smith, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at William E. Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff names Golden Flake Snack Foods, Inc., as the sole defendant. He seeks injunctive and declaratory relief and money damages.

    Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent

standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

Plaintiff claims that his cellmate purchased in the prison canteen "a deficient and undergraded bag of 'Chees Curls'" manufactured by defendant, Golden Flake Snack Foods, Inc. ("Golden Flake"), and that he became physically ill after eating a portion of the Chees Curls. Plaintiff has failed to state a claim upon which relief can be granted. Section 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of state action. *See District of Columbia v. Carter* 409 U.S. 418, 423 (1973). An action under § 1983 does not lie against a corporation or a private person in his individual capacity. It is only where an entity or a person acts to deprive another of his federal rights under color of state law that § 1983 provides authority for a federal claim. *Parker v. Graves*, 479 F.2d 335 (5th Cir. 1973). Furthermore, the mere fact that a business sells mechandise within a state correctional facility does not by itself convert its action into state action. *See San Francisco Arts & Athletics v. U. S. Olympic Commission*, 483 U.S. 522, 544 (1987); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841-42 (1982). While private parties who corruptly conspire with state officials act under color of state law and can be sued under § 1983, *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990), plaintiff has set forth no facts that would establish that Golden Flake conspired with state officials to sell "deficient and undergraded" snack foods in the prison canteen.

For the reasons stated above this action is due to be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. An appropriate order will be entered.

DATED this 30th day of June, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE